18579

Kenneth Lee CRADY, Appellant, v. STATE of South Carolina et al., Respondents

(151 S. E. (2d) 670)

*Mrs. Betty M. Sloan,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer,* and *Carl R. Reasonover, Assistant Attorneys General,* of Columbia, *for Respondents,*

December 1, 1966.

LIONEL K. LEGGE, Acting Associate Justice:

Appeal from a circuit court order discharging a writ of *habeas corpus*.

At the January, 1956 term of the Court of General Sessions for Richland County, appellant and two others pleaded guilty to an indictment containing on its face five counts, separately numbered, as follows:

*First count:* Conspiracy to break and enter with intent to steal; housebreaking and larceny; and safecracking;

*Second count:* Housebreaking;

*Third count:* Grand larceny;

*Fourth count:* Safecracking; and

*Fifth count:* Possession of burglary tools.

Upon this plea, the State consenting, the jury rendered a verdict of guilty, with recommendation to mercy. Each of the said defendants was thereupon sentenced to imprisonment for fourteen (14) years "upon the fourth count", and one (1) year "on each and every other count", the one-year sentences "to run concurrently with the sentence imposed under the fourth count."

Appellant does not question the fact that he pleaded guilty to all counts of the indictment, including the one for safecracking, for which the maximum penalty is life imprisonment and the minimum, where mercy has been recommended by the jury, imprisonment for ten years. Code, 1962, Sec-

tion 16-337. His single contention in support of his claim for release is that the fourteen-year sentence was imposed for the crime of having burglary tools in his possession and exceeded the maximum permitted by law for that offense. And the sole basis proposed for this contention is that the back of the indictment contained the following legend:

"INDICTMENT FOR

"(1) Conspiracy to commit housebreaking and larceny.

"(2) Housebreaking and larceny.

"(3) Using explosives and tools in and about a safe.

"(4) Possession of burglary tools."

Appellant's position is without merit. The plain language of an indictment is not to be ignored merely because its caption does not precisely conform with the wording on its face. *Dukes v. State,* S. C., 149 S. E. (2d) 598; *Owen v. State,* S. C., 149 S. E. (2d) 600. Here the indictment on its face specifically sets forth the charge of safecracking as the fourth count. Its plain language is not to be ignored merely because on the outside of the indictment the several counts are tabulated in a different order.

The fourteen-year sentence not having been imposed for the offense of having possession of burglary tools, appellant's contention that a sentence for that offense (Code, 1962, Section 16-302) may not exceed ten years' imprisonment is not properly before us.

Appeal dismissed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.