19307

Hattie Mae RAMEY, Appellant, v. The STATE of South Carolina, Respondent

(184 S. E. (2d) 544)

128

John Beasley, Esquire, of Greenwood, for Petitioner-Appellant, cites:

Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, John P. Wilson, and Edwin B. Brading, Asst. Attys. Gen., of Columbia, for Respondent, cite:

November 2, 1971.

LEWIS, Justice.

Appellant, Hattie Mae Ramey, entered a plea of guilty to murder and, after a jury recommendation to mercy, was sen-

tenced to life imprisonment. The matter is here on appeal from a denial by the lower court of her application for post-conviction relief. She seeks to have her plea of guilty set aside upon the ground that it was not freely and voluntarily entered. She says that her plea resulted from a lack of time for her attorney to prepare for trial and her failure to comprehend the nature of her act.

Appellant was arrested on May 16, 1968, the day of the alleged crime. Her retained counsel secured her release on bond on the next day, May 17, 1968. She was subsequently indicted for murder at the June 1968 term of the General Sessions Court for Abbeville County, but her case was not called for trial until September 3, 1968, at which time her counsel moved for a continuance upon the sole ground that, due to a recent three weeks illness, he had been advised by his doctor not to stand any more than absolutely necessary. The trial judge denied the motion and permitted counsel to remain seated during the trial.

The trial proceeded under the foregoing circumstances and, during the examination of the first witness for the State, counsel for appellant announced that she wished to withdraw her plea of not guilty and enter a plea of guilty to the charge of murder. After questioning appellant to determine if the plea was voluntary, the court permitted the plea to be entered. The jury subsequently recommended mercy and the mandatory life sentence was imposed.

Appellant was married, about 45 years of age at the time, and of very limited education. This was her first experience in court and she says, in effect, that she did not fully comprehend her action when she pled guilty.

While appellant was of limited education and experience, we are not convinced that her plea was coerced or that she failed to understand the nature of her act in pleading guilty. She says that she was rushed to trial without opportunity for her attorney to prepare her defense. The record shows to the contrary. Counsel was retained for her on May 17, 1968,

and she was not brought to trial until September 3, 1968, approximately four months later. Her attorney was sick for only three weeks of this time. Ample opportunity was afforded to prepare for trial.

She was represented by competent retained counsel and, with the benefit of his advice, she elected, after the trial had started, to enter a plea of guilty. She knew that she had a right to a jury trial, because the jury had been sworn when she entered her plea. She also knew that her counsel would continue to represent her, irrespective of whether she decided to plead guilty. She simply voluntarily elected, with advice of her counsel, to enter the plea. The lower court properly concluded that her plea was voluntarily and understandingly entered.

While not presented as an issue in this proceeding, it is argued, as tending to establish coercion, that the facts establish only the offense of manslaughter and, therefore, appellant could not have intended to plead guilty to murder. The record fails to fully disclose the facts surrounding the offense. This is true because the entry of the plea  at the trial and the absence of such issue in this proceeding rendered it unnecessary to include in the record all of the testimony upon which the State would have relied to make out the charge of murder against appellant. The question here is only whether appellant voluntarily and understandingly entered her plea. Since her plea was so entered, she does not now have the right, in post conviction proceedings, to attack the plea upon the ground that the facts were insufficient to establish the degree of the offense to which she plead. Section 17-601 (a) (6), Supplement to 1962 Code of Laws; *Wyatt v. State,* 243 S. C. 197, 133 S. E. (2d) 120.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.