### 23785

Ezzard Cy RICHARDSON, Respondent v.
STATE of South Carolina, Petitioner.

(426 S.E. (2d) 795)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Attys. Gen. Donald J. Zelenka* and *Joseph D. Shine, Asst. Atty. Gen. Delbert H. Singleton, Jr.* and *Staff Atty., Teresa A. Knox,* Columbia, *for petitioner.*

*Chief Atty. Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Nov. 17, 1992.

Decided Feb. 1, 1993.

HARWELL, Chief Justice:

We granted the State's petition for writ of certiorari to review the reversal of Ezzard Cy Richardson's (Richardson) guilty plea by the postconviction relief (PCR) judge. The State contends that Richardson entered his guilty plea knowingly and voluntarily with effective assistance of counsel. We agree and reverse.

## I. FACTS

Richardson was charged with criminal sexual conduct with

a minor pursuant to S.C. Code Ann. § 16-3-655(3) (1985), punishable by twenty years imprisonment, and kidnapping. The solicitor erroneously believed that section 16-3-655(3) comprised third-degree criminal sexual conduct, punishable by ten years imprisonment. Based on this misinterpretation, the solicitor offered a plea bargain whereby Richardson would plead guilty to "criminal sexual conduct with a minor, third degree" in exchange for dismissal of the kidnapping charge, which at the time carried a mandatory life sentence. *See* S.C. Code Ann. § 16-3-910 (1985).

Richardson's trial counsel was aware that section 16-3-655(3) comprised second-degree criminal sexual conduct and that the crime identified by the solicitor did not exist. However, trial counsel did not correct the solicitor's mistaken interpretation of section 16-3-655(3) for fear of prejudicing his client.

At the plea hearing, the trial judge properly determined that section 16-3-655(3) authorized a maximum imprisonment of twenty years. The solicitor and trial counsel renegotiated the plea, and the solicitor offered to dismiss the kidnapping charge and recommend a ten-year sentence cap in exchange for Richardson's guilty plea. Richardson accepted the amended plea bargain.

The trial judge rejected the solicitor's recommendation and imposed a fifteen-year sentence. Richardson filed for post-conviction relief, claiming that his guilty plea was not entered with effective assistance of counsel. The PCR judge found that the plea hearing was a "circus of confusion" and reversed Richardson's guilty plea.

## II. DISCUSSION

The State contends that Richardson received effective assistance of counsel and entered his plea knowingly and voluntarily. We agree.

Richardson claims that trial counsel was deficient for acquiescing in the solicitor's misinterpretation of section 16-3-655(3), which misled him to believe he was facing a maximum ten-year sentence by pleading guilty to "criminal sexual conduct with a minor, third degree." We find, however, that Richardson was aware of the correct charge to which he ultimately pleaded guilty.

After the trial judge informed the solicitor of the maximum sentence authorized by section 16-3-655(3), trial counsel informed Richardson of the offense to which he could plead guilty, the maximum penalty, and the trial judge's ability to disregard the solicitor's sentencing recommendation. Thus, even if Richardson initially believed he was pleading guilty to "criminal sexual conduct with a minor, third degree," he subsequently was apprised that he could plead guilty to criminal sexual conduct with a minor under section 16-3-655(3), punishable by twenty years imprisonment.

To prove ineffective assistance of counsel, a defendant must show that he was prejudiced by counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984). The evidence in the record shows that Richardson accepted a plea bargain negotiated by trial counsel after being fully informed of the consequences. We find that trial counsel's performance was within the range of competence demanded of attorneys in criminal cases.

Our finding that counsel's performance was not deficient makes it unnecessary for us to separately address the State's assertion that Richardson's plea was knowingly and voluntarily made. A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed. (2d) 203, 209 (1985).

We find no evidence in the record to support a ruling that Richardson did not receive effective assistance of counsel or that he entered his guilty plea unknowingly and involuntarily. Where there is no evidence of probative value to support the PCR judge's findings, we will not uphold his ruling. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989). Accordingly, the PCR judge's order reversing Richardson's guilty plea is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, J.J., concur.