24196

Jack SIMPSON, Jr., Respondent v. STATE of South Carolina, Petitioner.
(455 S.E. (2d) 175)

Supreme Court

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. J. Emory Smith, Jr., Asst. Atty. Gen. Teresa Nesbitt Cosby,* and *Staff Atty. David K. Avant,* Columbia, *for Petitioner.*

*Deputy Chief Atty. Joseph L. Savitz, III, South Carolina Office* of *Appellate Defense,* Columbia, *for respondent.*

Submitted Nov. 16, 1994.

Decided Feb. 13, 1995.

WALLER, Judge:

We granted certiorari to review the grant of postconviction relief (PCR) to respondent, Jack Simpson, Jr. We reverse.

### FACTS

Simpson entered an *Alford*[1] plea guilty but mentally ill to, *inter alia*, first-degree burglary. He took no direct appeal, but sought postconviction relief (PCR) on the ground the plea was involuntary as it was entered upon the mistaken belief that he was pleading to second-degree, rather than first-degree, burglary. The PCR court agreed and vacated the plea.

---

[1] *N. Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. (2d) 162 (1970).

## ISSUE

Was Simpson's plea voluntarily entered?

## DISCUSSION

The State contends Simpson knowingly and voluntarily entered a plea to first-degree burglary such that there is no probative evidence to support the conclusion of the PCR judge. We agree.

To knowingly and voluntarily enter a plea of guilty, all that is required is that a defendant have a full understanding of the consequences of his plea and of the charges against him. *Dover v. State*, 304 S.C. 433, 405 S.E. (2d) 391 (1991). In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing. *Harres v. Leeke*, 282 S.C. 131, 318 S.E. (2d) 360 (1984).

Here, Simpson's indictment reflects a charge of **first**-degree burglary. The back of the indictment contains a handwritten "Plea of Guilt," signed by Simpson, which reflects a charge of **second**-degree burglary. However, after Simpson signed the plea, the Solicitor advised the Court, in Simpson's presence, that he was pleading guilty to **first**-degree burglary. The trial court then specifically informed Simpson of the penalty for **first**-degree burglary, to which he responded he wished to enter an *Alford* plea to **first**-degree burglary.[2] It is manifest from the record that Simpson was fully cognizant his plea was to **first**-degree burglary.

The PCR court nonetheless found the signing of "an incorrect plea is the equivalent of not signing a plea at all and, thus, the conviction based on said plea cannot stand." This was error. There is no legal requirement a defendant acknowledge his guilty plea in writing. Accordingly, the PCR court's ruling that Simpson's conviction "cannot stand" amounts to an error of law.

The grant of PCR is reversed and the plea to first-degree burglary reinstated. *Richardson v. State*, 310 S.C. 360, 426 S.E. (2d) 795 (1993); *High v. State*, 300 S.C. 88, 386 S.E. (2d) 463 (1989) (where there is no evidence of probative value to

---

[2] Simpson conceded at PCR that he fully intended to plead guilty to first-degree burglary when he arrived in court on the day of the plea.

support the findings of the PCR judge, his ruling will not be upheld).

The judgment below is

Reversed.

CHANDLER, C.J., and FINNEY, TOAL and MOORE, JJ., concur.