495 S.E.2d 773

**Richard CARTER, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 24750.**

Supreme Court of South Carolina.

Submitted Oct. 22, 1997.

Decided Jan. 19, 1998.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, Assistant Attorney General Allen Bullard, Columbia, for petitioner.

Assistant Appellate Defender Lisa G. Echols, of the South Carolina Office of Appellate Defense, Columbia, for respondent.

BURNETT, Justice:

The State appeals the grant of post conviction relief (PCR) to respondent. We reverse.

## FACTS

Respondent was arrested in December 1990 for manufacturing methamphetamine ("crank") and money laundering. After extensive plea negotiations, respondent waived presentment of the indictments to the grand jury and pled guilty to manufacturing methamphetamine and money laundering. He was sentenced to imprisonment for twenty-five years and twenty years, respectively, with the sentences to run concurrently. No direct appeal was taken.

Respondent filed a PCR application alleging ineffective assistance of counsel and his guilty plea was not voluntarily and knowingly entered. After an evidentiary hearing, the PCR judge found respondent's guilty plea counsel ineffective for failing to properly advise respondent of the maximum penalty respondent could receive on the indictment for manufacturing methamphetamine. Further, the PCR judge found there was confusion on the part of the guilty plea judge and the solicitor during the guilty plea proceeding over the maximum penalty for manufacturing methamphetamine. Thus, respondent's guilty plea was not voluntarily and knowingly entered. The PCR judge ordered the pleas vacated.

## ISSUE

Did the PCR judge err in finding respondent's guilty pleas were not voluntarily and knowingly entered?

## DISCUSSION

■ The State contends the PCR judge erred in finding respondent's guilty pleas were involuntary due to counsel's advice that the maximum penalty on the manufacturing charge was a thirty year sentence for a second offense.[1] We agree.

■ The test for determining the validity of a guilty plea based upon alleged ineffective assistance of counsel is whether

---

1. Respondent concedes this was his second offense.

counsel's advice was within the range of competence demanded of attorneys in criminal cases and whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ray v. State,* 303 S.C. 374, 401 S.E.2d 151 (1991); *Hinson v. State,* 297 S.C. 456, 377 S.E.2d 338 (1989). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Richardson v. State,* 310 S.C. 360, 363, 426 S.E.2d 795, 797 (1993).

Crank is methamphetamine which is a Schedule II drug. South Carolina Code Ann. § 44–53–370(b)(2) (Supp.1996) provides a penalty of ten years imprisonment or a $10,000 fine for a second offense of manufacturing a Schedule II drug. Schedule II includes methamphetamine. S.C.Code Ann. § 44–53–210(d) (1976 & Supp.1996). " 'Crank' means amphetamine or methamphetamine . . . ." S.C.Code Ann. § 44–53–110 (Supp. 1996). South Carolina Code Ann. § 44–53–375, as it read at the time of petitioner's offense, provided that a person who violates § 44–53–370 by manufacturing "crank" (methamphetamine) shall be sentenced to imprisonment for no less than twenty-five years and no more than thirty years and fined no less than $50,000, for a second offense.[2]

Respondent waived presentment of the indictments to the grand jury. The indictment is captioned "Manufacturing Methamphetamine 44–53–370" on both its back and its face. The body of the indictment states respondent did "unlawfully manufacture methamphetamine without first obtaining a license to do so."

At the PCR hearing, respondent testified he agreed to enter a plea of guilty to manufacturing in exchange for a twenty-five year sentence based on counsel's advice that he was exposed to thirty years. Additionally, respondent agreed to plead guilty to money laundering in exchange for a twenty year term of imprisonment which would run concurrently with the

---

**2.** Currently, for a second offense, the sentence requires imprisonment for no more than twenty-five years. S.C.Code Ann. § 44–53–375 (Supp. 1996).

twenty-five year sentence. According to respondent, he would not have taken the plea agreement on either charge had he known the manufacturing charge only carried a potential ten year sentence.

Counsel testified that plea negotiations were based on respondent being sentenced under § 44–53–375 which carried a more severe penalty than the general statute, § 44–53–370. Therefore, counsel's advice to respondent concerning his maximum penalty exposure focused on the penalties outlined in § 44–53–375.

The PCR judge found respondent's guilty pleas were involuntary due to counsel's advice that the maximum penalty on the manufacturing methamphetamine charge was a thirty year sentence for a second offense. According to the PCR judge, because respondent was indicted under § 44–53–370, the maximum sentence exposure for a second offense was ten years. The PCR judge found counsel's misadvice as to respondent's maximum sentence exposure affected both the plea to the manufacturing charge and the plea to the money laundering charge because respondent would not have accepted the negotiated sentences had he been advised the maximum penalty for manufacturing methamphetamine was ten years.

In our opinion, counsel's advice was correct; therefore, counsel's performance was not deficient and he was not ineffective. Once a defendant is convicted under § 44–53–370, the sentencing guidelines for this conviction involving the Schedule II drug methamphetamine (crank) is set forth in § 44–53–375. Counsel correctly recognized that a conviction under § 44–53–370 for manufacturing crank would require respondent to be sentenced under the stricter penalties of § 44–53–375. Thus, counsel properly advised respondent the maximum penalty he could receive would be thirty years.

■ The PCR judge also found because the guilty plea judge and the solicitor expressed confusion over the appropriate sentencing range during the guilty plea, respondent's guilty pleas were not voluntarily and knowingly entered. We disagree.

■ To find a guilty plea is voluntarily and knowingly entered, the record must establish the defendant had a full

understanding of the consequences of his plea and the charges against him. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Dover v. State,* 304 S.C. 433, 405 S.E.2d 391 (1991). To ensure the defendant understands, the trial judge should question the defendant about the facts surrounding the crime and the punishment which could be imposed. *Dover v. State, supra.* However, the trial judge does not have to direct the defendant's attention to every consequence of his plea provided the record reveals affirmative awareness of the consequences of a guilty plea. *LoPiano v. State,* 270 S.C. 563, 243 S.E.2d 448 (1978).

We conclude respondent's guilty pleas were voluntarily and knowingly entered. Although there was some confusion over whether the fine was mandatory and over the sentencing range, the guilty plea judge correctly informed respondent his maximum exposure for a conviction for manufacturing methamphetamine was thirty years. The record reveals respondent understood the consequences of his pleas and the charges against him. Further, respondent's counsel had correctly informed respondent of the sentencing possibilities; therefore, respondent cannot complain that his pleas were not voluntarily and knowingly entered. *Richardson v. State, supra.*

■ The underlying issue in this case is whether the guilty plea judge had subject matter jurisdiction to sentence respondent under § 44–53–375 since respondent only waived presentment to the grand jury of an indictment citing § 44–53–370.

■ Issues related to subject matter jurisdiction may be raised at any time. *Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995). Except for certain minor offenses, the circuit court does not have subject matter jurisdiction to hear a guilty plea unless (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment. *Browning v. State, supra; Murdock v. State,* 308 S.C. 143, 417 S.E.2d 543 (1992). An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal

or conviction thereon. *Browning v. State, supra.* An indictment is ordinarily sufficient if it is in the language of the statute. *State v. Jacobs,* 238 S.C. 234, 119 S.E.2d 735 (1961). Further, the plain language of an indictment is not to be ignored merely because its caption does not precisely conform with the wording on its face. *Crady v. State,* 248 S.C. 522, 151 S.E.2d 670 (1966). The test for determining when a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense. *Murdock v. State, supra.*

We find the indictment sufficient. While the caption of this indictment refers to § 44–53–370, the plain language of the body of the indictment clearly notifies respondent that he is charged with manufacturing methamphetamine. Respondent's counsel informed respondent of the potential sentence if convicted of this crime and respondent waived presentment of this indictment.

Section 44–53–375 provides a violation of § 44–53–370 that involves methamphetamine (crank) carries a greater sentence than the sentence provided for in § 44–53–370 for other Schedule II drugs. Therefore, § 44–53–375 does not define a separate crime but only an enhanced punishment. Further, the elements are exactly the same for an offense under both sections. Thus, the guilty plea judge had subject matter jurisdiction to accept respondent's pleas, and respondent was properly sentenced under § 44–53–375.

REVERSED.

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.