510 S.E.2d 220

**The STATE, Respondent,**

v.

**Willie James ERVIN, Appellant.**

**No. 2902.**

Court of Appeals of South Carolina.

Heard Nov. 4, 1998.

Decided Nov. 16, 1998.

Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor W. Townes Jones, IV, of Greenwood, for Respondent.

ANDERSON, Judge:

Willie James Ervin was convicted of kidnapping and assault with intent to commit first degree criminal sexual conduct. He was sentenced to life imprisonment without the possibility of parole for both convictions, to be served concurrently. Ervin appeals only his conviction for assault with intent to commit first degree criminal sexual conduct. We reverse.

## FACTS/PROCEDURAL BACKGROUND

Ervin's indictment provided:

That Willie James Ervin did in Greenwood County on or about the 10th day of July 1996, wilfully and unlawfully assault with intent to commit criminal sexual conduct in attempting to accomplish sexual battery upon the person of Donna Babb.

The only applicable code section appearing on the indictment was S.C.Code Ann. § 16–3–656 (1985). At Ervin's trial, the judge amended the indictment to charge attempted criminal sexual conduct in the first degree; however, he charged the jury on the offense of "assault with the intent to commit criminal sexual conduct in the first degree." Ervin did not object at trial to the amendment of the indictment.

## ISSUE

Did the Circuit Court lack subject matter jurisdiction due to a defective indictment?

## LAW/ANALYSIS

■ Ervin argues the amendment of his indictment and the submission to the jury of "assault with the intent to commit criminal sexual conduct in the first degree" deprived the trial court of subject matter jurisdiction. We agree.

Pursuant to S.C.Code Ann. § 17–19–100 (1985),

[i]f (a) there be any defect in form in any indictments or (b) on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, the court before which the trial shall be had may amend the indictment (according to the proof, if the amendment be because of a variance) if

such amendment does not change the nature of the offense charged.

To ascertain whether the amendment changed the nature of the offense with which Ervin was charged, we must first look to determine what, if any, offense was charged in the original indictment.

South Carolina Code Ann. § 16–3–656 (1985) was typed on the indictment. Section 16–3–656 provides: "Assault with intent to commit criminal sexual conduct described in the *above sections* shall be punishable as if the criminal sexual conduct was committed." (emphasis added). The phrase "above sections" refers to § 16–3–652, Criminal sexual conduct in the first degree; § 16–3–653, Criminal sexual conduct in the second degree; § 16–3–654, Criminal sexual conduct in the third degree; and § 16–3–655, Criminal sexual conduct with minors. These offenses contain different elements and specify different punishments.

Criminal sexual conduct in the first degree requires a sexual battery accomplished with aggravated force or under circumstances where the victim of the sexual battery is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act. *See* § 16–3–652(1)(a)–(b). A violation of § 16–3–652 is punishable by imprisonment for up to thirty years. *See* § 16–3–652(2).

Criminal sexual conduct in the second degree is properly charged when aggravated coercion is used to accomplish the sexual battery. *See* § 16–3–653(1). It is punishable by imprisonment for up to twenty years. *See* § 16–3–653(2).

Criminal sexual conduct in the third degree specifies the actor must use force or coercion without aggravating circumstances to accomplish the sexual battery. *See* § 16–3–654(1)(a). Third degree criminal sexual conduct also occurs if the actor engages in sexual battery with the victim and the actor knows or has reason to know the victim is "mentally defective, mentally incapacitated, or physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery." S.C.Code Ann. § 16–3–654(1)(b). Violations of this section are punishable by up to ten years imprisonment. *See* S.C.Code Ann. § 16–3–654(2).

Criminal sexual conduct with minors is divided into two degrees. *See* § 16–3–655(1)–(3). First degree criminal sexual conduct with a minor occurs if the actor engages in sexual battery with a victim less than eleven years of age. *See* § 16–3–655(1). Second degree criminal sexual conduct with a minor occurs if the actor engages in sexual battery with (a) a victim who is fourteen years of age or less but who is at least eleven years of age or (b) a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim. *See* § 16–3–655(2)–(3).

■ An indictment survives legal scrutiny if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon. *Carter v. State*, 329 S.C. 355, 495 S.E.2d 773 (1998). Under South Carolina Code Ann. § 17–19–20 (1985), an indictment passes legal muster if it "charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided." *Accord State v. Tabory*, 262 S.C. 136, 202 S.E.2d 852 (1974) (offense intended to be charged must be described with sufficient particularity that conviction or acquittal thereupon may be pleaded in bar to any subsequent prosecution; indictment phrased substantially in language of statute which creates and defines offense is ordinarily sufficient); *State v. Jacobs*, 238 S.C. 234, 119 S.E.2d 735 (1961) (indictment is ordinarily sufficient if it is in language of statute); *State v. McIntire*, 221 S.C. 504, 71 S.E.2d 410 (1952) (true test of sufficiency of indictment is whether it contains necessary elements of offense intended to be charged and sufficiently apprises defendant of what he must be prepared to meet); *State v. Perry*, 87 S.C. 535, 70 S.E. 304 (1911) (An "offense should be so plainly stated in the indictment as to enable the court looking alone to the indictment and the verdict to impose the sentence prescribed by law.").

■■■ Ervin's original indictment did not properly allege the elements of assault with intent to commit first degree criminal sexual conduct. Elementally, the offense of assault with intent to commit first degree criminal sexual conduct is analyzed:

(1) An assault;

(2) Criminal intent to commit criminal sexual conduct in the first degree;

(3) The State is not required to prove conduct showing criminal sexual conduct in the first degree;

however, the State must prove the intent to commit criminal sexual conduct in the first degree.[1]

Reviewing the language of the original indictment, we come to the ineluctable conclusion it does *not* aver all elements of assault with intent to commit first degree criminal sexual conduct. The fatal flaw in the original indictment as to the offense of assault with intent to commit first degree criminal sexual conduct is the absolute omission of any allegation relating to the commission of sexual battery with aggravated force or under circumstances where the victim of the sexual battery is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act. Having reached the conclusion Ervin's original indictment only charged him with a lesser offense, assault with intent to commit criminal sexual conduct in the third degree, it is clear the trial court's amendment of the indictment to assault with intent to commit first degree criminal sexual conduct changed the nature of the offense with which Ervin was charged.

The South Carolina Supreme Court reversed a conviction based on facts similar to the case *sub judice* in *State v. Riddle,* 301 S.C. 211, 391 S.E.2d 253 (1990). The trial court permitted

---

1. South Carolina Code Ann. § 16–3–652 (1985) provides:

> (1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:
> (a) The actor uses aggravated force to accomplish sexual battery.
> (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

an amendment to Riddle's indictment during the course of his trial. Initially, Riddle was indicted for *assault with intent to commit third degree criminal sexual conduct.* At the close of evidence, the indictment was amended to charge *assault with intent to commit first degree criminal sexual conduct.* On appeal, the Supreme Court explained:

S.C.Code Ann. § 17–19–100 (1976) permits amendment of an indictment *provided* the nature of the offense charged is not changed. Here, the amendment increases the lesser charge of assault with intent to commit *third* degree criminal sexual conduct to the greater charge of assault with intent to commit *first* degree criminal sexual conduct. Punishment for third degree may not exceed ten years, while first degree is punishable by up to thirty years.

The amendment clearly exceeded the terms of the statute. *Riddle,* 301 S.C. at 212, 391 S.E.2d at 253 (emphasis in original).

*Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 (1997), is a revisit to the amendment issue. At Hope's trial, the judge allowed the State to amend Hope's indictment from assault with intent to commit third degree criminal sexual conduct to assault with intent to commit first degree criminal sexual conduct. The *Hope* Court found the amendment clearly changed the nature of the offense.

In *State v. Munn,* 292 S.C. 497, 357 S.E.2d 461 (1987), the Court readdressed the amendment of an original indictment true billed by the Grand Jury. Munn appealed from his conviction for criminal sexual conduct in the second degree. He was indicted for criminal sexual conduct in the second degree pursuant to S.C.Code Ann. § 16–3–653 (1976). The trial judge charged the jury, however, only on criminal sexual conduct with a minor in the second degree pursuant to S.C.Code Ann. § 16–3–655(3) (1976). The Court ruled:

A defendant in a criminal case is entitled to be tried only on the charges set forth in the indictment. S.C.Code Ann. § 17–19–10 (1976). The test of sufficiency of an indictment is whether or not it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to defend. S.C.Code Ann. § 17–19–20 (1976); *State v. Tabory,* 262 S.C. 136, 202 S.E.2d 852 (1974).

*Munn,* 292 S.C. at 499, 357 S.E.2d at 462. The Supreme Court held the amendment deprived the trial court of subject matter jurisdiction. Second degree criminal sexual conduct with a minor is not a lesser-included offense of second degree criminal sexual conduct because it contains the additional requirement the victim be a minor.

Similarly, assault with intent to commit first degree criminal sexual conduct is not a lesser-included offense of assault with intent to commit third degree criminal sexual conduct because it requires the additional element of an aggravating circumstance. *Munn* edifies the bench and bar as to the lack of subject matter jurisdiction when an original indictment is fatally defective.

The latest pronouncement by our Supreme Court in regard to the sufficiency of an indictment when reviewed under a subject matter jurisdiction analysis is *Granger v. State,* 333 S.C. 2, 507 S.E.2d 322 (1998). Granger was indicted for trafficking in cocaine under an indictment reading Granger "was knowingly in actual or constructive possession of **more than ten (10) grams** of Crack Cocaine." *Id.* at 3, 507 S.E.2d at 323 (emphasis in original). During his plea, the quantity of crack cocaine was identified as 58.44 grams. Concomitantly, the Circuit Judge sentenced Granger under the provision dealing with this mathematical quantity. On appeal, Granger claimed the indictment only put him on notice he could be sentenced for trafficking **between 10 and 28 grams** of cocaine. The Court disagreed with this argument and distinguished Granger's case from other cases dealing with amendments to an indictment:

> Moreover, this case is distinguishable from other cases of this Court dealing with **amendments to an indictment.** Under S.C.Code Ann. § 17–19–100 (1976), an indictment may be amended at trial only if the amendment does not change the nature of the offense charged. *Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 (1997). In *Hopkins v.. State,* 317 S.C. 7, 451 S.E.2d 389 (1994), this Court held the amendment to an indictment changing the offense from felony driving under influence (DUI) causing great bodily injury to felony DUI causing death, changed the nature of offense, as punishment was increased from 10 to 25 years. *Accord State v. Riddle,* 301 S.C. 211, 391 S.E.2d 253 (1990) (amendment to indictment to increase offense from 3rd degree CSC

to 1st Degree CSC, and increase potential punishment from 10 to 30 years).

*Id.* at 5, 507 S.E.2d at 324 (emphasis in original).

■ Here, the trial court lacked subject matter jurisdiction to try Ervin for assault with intent to commit first degree criminal sexual conduct. "A defendant in a criminal case is entitled to be tried only on the charges set forth in the indictment." *Munn,* 292 S.C. at 499, 357 S.E.2d at 462. *See also State v. Beachum,* 288 S.C. 325, 342 S.E.2d 597 (1986) (subject to certain minor exceptions, trial court lacks subject matter jurisdiction to convict defendant for offense when there is no indictment charging him with that offense when jury is sworn). Although Ervin did not object at trial, issues related to subject matter jurisdiction may be raised at any time. *See Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998).

The State claims this Court need not review Ervin's conviction because of the "concurrent sentence doctrine." This doctrine is discretionary. *See Mariscal v. United States,* 449 U.S. 405, 101 S.Ct. 909, 66 L.Ed.2d 616 (1981). In view of the lack of subject matter jurisdiction, we decline to invoke the "concurrent sentence doctrine" in this case.

### CONCLUSION

Accordingly, Ervin's conviction for assault with intent to commit first degree criminal sexual conduct is hereby

**REVERSED AND REMANDED.**

HOWELL, C.J., and STILWELL, J., concur.