545 S.E.2d 498

**Bert BRADDOCK, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25280.

Supreme Court of South Carolina.

Submitted March 22, 2001.

Decided April 9, 2001.

Assistant Appellate Defender Tara S. Taggart of the S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, Assistant Attorney General David A. Spencer, and Assistant Attorney General William Bryan Dukes, all of Columbia, for respondent.

## ON WRIT OF CERTIORARI

MOORE, Justice.

We granted this petition for a writ of certiorari to determine if the post-conviction relief (PCR) court erred by finding petitioner waived his right to an appeal by failing to appear for trial. We find petitioner is entitled to a belated appeal.

## FACTS

Petitioner was released on bond after his arrest for first degree criminal sexual conduct (CSC) of a minor and did not appear for trial. He was convicted at a trial in his absence. After being apprehended by law enforcement, he appeared for the opening of his sealed sentence of thirty years imprisonment, which was reduced at its opening to imprisonment for twenty-three years. Petitioner appealed the conviction and sentence, but the appeal was dismissed when petitioner failed to file an Initial Brief and Designation of Matter.

Thereafter, petitioner filed a PCR application, which was denied after a hearing. The PCR court dismissed his application, and stated the following: "The applicant escaped from custody and willfully remained at large for several months as a fugitive from justice. By such action he destroyed the right to appeal his conviction, directly or collaterally."

## ISSUE

Whether the PCR court erred by finding petitioner had waived his right to appeal by failing to appear for trial?

## DISCUSSION

While the PCR court did not cite any law for the proposition that escaping from custody destroys one's right to directly or collaterally attack his conviction and sentence, the following cases are applicable: *Lamb v. State,* 293 S.C. 174, 359 S.E.2d 282 (1987); *Jordan v. State,* 276 S.C. 168, 276 S.E.2d 781 (1981); *Martin v. State,* 276 S.C. 514, 280 S.E.2d 210 (1981). *Lamb, Jordan,* and *Martin* hold that this Court will not hear

the appeal of a party who evades the process of the Court and refuses to submit to its jurisdiction by escaping.

These cases are distinguishable from the instant case. In all of these cases, the prisoner escaped custody after conviction and was not, *at the time of appeal*, in South Carolina custody. In this case, petitioner is in custody in South Carolina and has been since he was sentenced. While petitioner did not appear at his trial, this does not act to waive his right to appeal from his conviction. *Cf. State v. Robinson*, 287 S.C. 173, 337 S.E.2d 204 (1985) (where a defendant is tried *in abstentia*, an appeal may not be taken until the sealed sentence is opened and read to the defendant); *State v. Washington*, 285 S.C. 457, 330 S.E.2d 289 (1985) (same).

Both petitioner, acting *pro se*, and his counsel filed Notices of Appeal with this Court.[1] At the PCR hearing, petitioner testified he believed counsel was proceeding with the appeal. While petitioner admitted he did not pay counsel for pursuing the appeal, he testified counsel never requested any payment.

Counsel testified he told petitioner he would file an appeal; however, he stated he was never offered any money to proceed with the appeal. Counsel stated he informed petitioner's wife he could handle the appeal for a fee or that the Office of Appellate Defense could handle it for free. He testified he did not personally contact Appellate Defense because he felt petitioner was not, in fact, indigent.

There is no evidence petitioner waived his right to a direct appeal. Counsel did not seek to withdraw as counsel; instead, he ceased handling the appeal without ensuring petitioner had retained other counsel or was being represented by Appellate Defense. *See* Rule 602(e)(4), SCACR. Since petitioner did not knowingly and intelligently waive his right to appeal, he is entitled to a belated appeal. *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986); *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

We have reviewed petitioner's direct appeal issues and conclude they are without merit. Accordingly his conviction is

---

1. The appeals were later combined into one appeal.

affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Issue 3: State v. Pinckney,* 339 S.C. 346, 529 S.E.2d 526 (2000) (if there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, case was properly submitted to the jury); *State v. Burdette,* 335 S.C. 34, 515 S.E.2d 525 (1999) (in reviewing denial of a motion for directed verdict, the evidence must be viewed in light most favorable to the State); *Issue 4: Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998) (caption of indictment need not precisely conform with wording on its face); *Issue 5: State v. Patterson,* 324 S.C. 5, 482 S.E.2d 760, *cert. denied,* 522 U.S. 853, 118 S.Ct. 146, 139 L.Ed.2d 92 (1997) (trial judge's denial of motion for continuance will not be disturbed absent clear abuse of discretion); *Issue 6: State v. Kelly,* 331 S.C. 132, 502 S.E.2d 99 (1998), *cert. denied,* 525 U.S. 1077, 119 S.Ct. 816, 142 L.Ed.2d 675 (1999) (denial of a new trial motion will not be disturbed on review absent an abuse of discretion resulting in prejudice to the defendant).

Petitioner's allegation his absence at trial was due to a communication from counsel is an issue for PCR rather than direct appeal. Given the fact the PCR court incorrectly found it could not address petitioner's PCR application, this matter is remanded to the PCR court to make findings and to rule on this issue. If the PCR court determines petitioner's allegation has merit, then petitioner will be entitled to a new trial.

**REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.