THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Lavanza Cory Mack, Appellant.
 
 
 

Appeal From Calhoun County
 James C. Williams, Jr., Circuit Court Judge
Unpublished Opinion No. 2005-UP-204
Submitted March 1, 2005  Filed March 18, 2005

AFFIRMED

 
 
 
 Assistant Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor David M. Pascoe, Jr., of Orangeburg, for Respondent.
 
 
 

PER CURIAM:  Lavanza Cory Mack appeals his conviction for assault and battery of a high and aggravated nature (ABHAN), arguing (1) the circuit court lacked subject matter jurisdiction over the charge because the indictment failed to specify an aggravating circumstance; and (2) the circuit court erred in failing to instruct the jury on any aggravating circumstances required to find ABHAN.  We affirm.
FACTS/PROCEDUREAL BACKGROUND
In February 2003, Mack was indicted for strong-armed robbery and ABHAN.  The ABHAN indictment stated in pertinent part:

 That Lavanza Mack, did in Calhoun County, on or about September 24, 2002,
 commit an assault and battery upon the victim, John A. Stoor, constituting an unlawful act of violent injury to the person of the said victim,
 accompanied by circumstances of aggravation to wit:  he was struck from behind requiring medical attention, and as a result violated the Common Law offense of Assault and Battery of a High and Aggravated Nature.

(Emphasis added.).  Mack sought to quash the indictment in pretrial proceedings, arguing it was insufficient to confer subject matter jurisdiction because the indictment failed to allege the assault and battery was of a high and aggravated nature.  Specifically, he argued that the language requiring medical attention is not the equivalent of serious bodily injury, which is among the aggravating circumstances that may elevate a simple assault and battery to ABHAN.  The trial court denied the motion.
The trial court did not charge the jury on the typical examples of circumstances of aggravation, but defined circumstances of aggravation as an assault and battery committed in a spirit of wantonness, or with a reckless disregard for the rights and safety of another . . . [and] [i]ts basically for you to determine whether there was (sic) circumstances of aggravation.  Mack objected, arguing the court erred in not requiring this jury to find the aggravating circumstance alleged in the indictment.  He added, I object to not requiring them to do that, this is an open ended, they can find anything to be a circumstance of aggravation.  The court overruled the objection.
Mack was convicted of ABHAN and strong-armed robbery.[1]  This appeal follows.
DISCUSSION
I. Motion to Quash ABHAN Indictment
Mack first argues the trial court erred in refusing to quash the ABHAN indictment because it purportedly did not specify an aggravating circumstance.  We disagree.
An indictment survives legal scrutiny if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon.  State v. Ervin, 333 S.C. 351, 355, 510 S.E.2d 220, 222 (Ct. App. 1998).  South Carolina courts have held that the sufficiency of an indictment must be viewed with a practical eye.  State v. Guthrie, 352 S.C. 103, 108, 572 S.E.2d 309, 312 (Ct. App. 2002).  
 
Here, Mack apparently argues that the indictments allegation that Mack [s]truck [the victim] from behind requiring medical attention was not an aggravating circumstance because it was not among those detailed in State v. Tyndall, 336 S.C. 8, 518 S.E.2d 278 (1999).  We find this argument unavailing.  In Tyndall, our supreme court stated:

 Examples of circumstances of aggravation include the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, great disparity between the ages and physical conditions of the parties involved, and the difference in the sexes.  Other circumstances include indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, and resistance to lawful authority.

Id. at 21, 518 S.E.2d at 285 (internal citation omitted).  Nothing in Tyndall suggests this list is exhaustive.  
 
The indictment clearly charged Mack with Assault and Battery of a High and Aggravated Nature on its inside and outside captions.  It undisputedly alleged assault and battery.  Then, it specifically alleged the assault and battery was accompanied by circumstances of aggravation, which it described as Macks having struck [the victim] from behind requiring medical attention . . . .  We find the indictment, when viewed with a practical eye, clearly informed Mack that he was being charged with ABHAN and included a specific reference to an alleged aggravating circumstance.  
 
II. Jury Instruction
Mack next argues the trial court erred in failing to instruct the jury on any of the aggravating circumstances that constitute ABHAN.  It is true that the trial court did not charge the generally recognized examples of circumstances of aggravation.  At trial Mack objected to the relevant instruction on a different basis, arguing the court erred in not requiring this jury to find the aggravating circumstance alleged in the indictment and adding, I object to not requiring them to do that, this is an open ended, they can find anything to be a circumstance of aggravation.  Moreover, Macks position at trial is at odds with the very thing he now argues on appealerror in failing to charge the typical examples of circumstances of aggravation.  Macks trial counsel informed the trial court, I also would have objected if you had given the whole laundry list [of circumstances of aggravation].  The precise issue argued in Macks brief is therefore not preserved for appellate review.  See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (A party may not argue one ground at trial and an alternate ground on appeal).
CONCLUSION
For the forgoing reasons, the decision of the circuit court is
AFFIRMED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.

[1] This appeal does not involve Macks strong-armed robbery conviction.