THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Christopher L.
 Burke, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Lexington County
 William P. Keesley, Circuit Court Judge
Memorandum Opinion No. 2008-MO-024
Submitted May 29, 2008  Filed June 2,
 2008   
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, South Carolina Commission on
 Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Assistant Attorney General
 Daniel E. Grigg, Office of the Attorney General, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Petitioner seeks a writ of certiorari from the denial of his application for
 post-conviction relief (PCR).
Because
 there is sufficient evidence to support the PCR judges finding that petitioner
 did not knowingly and intelligently waive his right to a direct appeal, we
 grant certiorari and proceed with a review of the direct appeal issue pursuant
 to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986).
Petitioner
 contends his guilty plea was not
 knowingly and voluntarily entered pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d
 274 (1969), because the plea judge did not explain his privilege against
 compulsory self-incrimination, his right to confront his accusers, or that a
 jury would have to find him guilty by unanimous verdict if he went to trial.  
The plea judge informed petitioner of the maximum penalty for his
 offense and warned petitioner he would forfeit his right to a jury trial and
 rights associated with a jury trial by entering a guilty plea.  In addition,
 plea counsel stated she informed petitioner of his rights and she believed
 petitioner understood them.  Therefore, the record indicates petitioner had an
 affirmative awareness of the consequences of a guilty plea.  LoPiano v. State, 270 S.C. 563, 243 S.E.2d 448 (1978).  Accordingly, we affirm petitioners convictions and
 sentences.
AFFIRMED.
TOAL,
 C.J., MOORE, PLEICONES and BEATTY, JJ., concur. WALLER, J., not participating.