21428

The STATE, Respondent, v. Robert Hamilton JENKINS. Appellant.

(277 S. E. (2d) 147)

*Appellant Defender John L. Sweeny and Asst. Appellate Defender Tara D. Shurling, of S. C. Commission of Appellate Defense,* and *Asst. Public Defender Venable Vermont, Jr.,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Kay G. Crowe, Sol. James C. Anders* and *Sp. Pros. William W. Campbell,* Columbia, *for respondent.*

April 8, 1981.

*Per Curiam:*

Robert Hamilton Jenkins was convicted of murder and sentenced to life imprisonment. His grounds for this appeal include the assertion that the trial judge erred in failing to submit to the jury as possible verdicts assault and battery with intent to kill and assault and battery of a high and aggravated nature. We find no reversible error and affirm.

Appellant's indictment for murder followed the death of a stabbing victim. The evidence reflects that the victim identified the appellant as the assailant before being rushed to a hospital for treatment of serious wounds to the neck and arms. The victim lost substantial amounts of blood and was in a state of shock before reaching the hospital.

In order to determine the extent of the victim's injuries to the major blood vessels, an arteriogram was performed. Although the arteriogram is a common procedure, the victim suffered a rare, fatal reaction to the dye used in the arteriogram procedure. The evidence includes medical testimony that the victim's immediate cause of death was the reaction to

the dye, that she probably would have survived absent the reaction, but that she probably would not have survived without medical treatment.

The trial judge submitted to the jury three possible verdicts —murder, manslaughter, and not guilty. He properly instructed the jury that there must be a causal relationship between the defendant's act and the death of the deceased before criminal liability may be imposed. The jury's verdict of guilty of murder necessarily included a finding adverse to appellant on the causation issue, which finding excluded a verdict for an offense not involving the victim's death.

Additionally, appellant does not in this Court challenge the sufficiency of the evidence to sustain the conviction of murder. Under such circumstances, we conclude there was no prejudicial error in refusing to submit to the jury the two degrees of assault and battery. The verdict in this case is consistent with those cases holding that one who inflicts an injury on another is deemed by law to be guilty of homicide where the injury contributes mediately or immediately to the death of the other. See, e.g., *State v. Riley,* 219 S.C. 112, 64 S.E. (2d) 127 (1951); *State v. Doe,* 218 S. C. 520, 63 S.E. (2d) 303 (1951).

We have considered the remaining exceptions and are of the opinion that no error of law is presented. Accordingly, we affirm the lower court's determination of those issues under Rule 23 of the Rules of Practice of this Court.