23274

The STATE, Respondent v. Ronnie Lee BURTON, Appellant.

(397 S.E. (2d) 90)

Supreme Court

*Chief Atty. David Bruck* and *Asst. Appellate Defender Joseph L. Savitz, III,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Miller W. Shealy, Jr.* and *Staff Atty. Gwendolyn L. Fuller,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

Heard Sept. 18, 1989.

Decided Oct. 8, 1990.

FINNEY, Justice:

Appellant Ronnie Lee Burton was convicted of murder and criminal sexual conduct in the first degree. He was sentenced to life imprisonment for murder and thirty years for criminal sexual conduct. We affirm.

Appellant had sexual intercourse with his four year old stepdaughter, Lisa Marie Hurst, on April 29, 1987. Immediately afterward, Lisa's face was observed to have a purple hue, her lips were dark purple, her stomach appeared swollen, and she exhibited diminished responsiveness. Lisa was taken by ambulance to Divine Saviour Hospital and treated. She was later transported to Piedmont Medical Center for reconstructive surgery as a result of the sexual assault. Lisa experienced difficulty regaining consciousness after the operation and was transferred to Charlotte Memorial Hospital, where her condition deteriorated within thirty-six hours. Lisa remained hospitalized until she died forty-five days later. An autopsy revealed that Lisa's lungs were nonviable and that she had suffered brain death due to a lack of oxygen. The coroner who performed the autopsy testified that in his opinion, the cause of death was asphyxiation caused by a hand being placed over the victim's mouth.

At trial, the appellant claimed the doctors' negligence was an intervening cause of Lisa's death. On appeal, appellant first contends the trial judge's charge was inadequate in that it failed to fully and accurately state the law with regard to intervening cause. Specifically, appellant alleges the trial court (1) failed to charge the jury on the distinction between simple negligence and gross negligence, (2) incorrectly charged mediate cause, and (3) omitted foreseeability from its instruction.

The relevant portion of the charge follows.

> Now the law recognizes further there may be more than one proximate cause. The acts of two or more persons may combine and concur together as an efficient or proximate cause of the death of a person. The defendant's act may be regarded as the proximate cause if it is a contributing cause of the death of the deceased. The defendant's act need not be the sole cause of the death provided that it be a proximate cause actually and contribut-

ing to the death of the deceased. It is not a defense to show that the deceased might have recovered had she been treated according to the most approved surgical or medical standards or as a reasonably prudent doctor would have treated in the case or even by showing that the treatment was unskilled or improper or erroneous through negligence. If, however, the death was caused not by the wound or the injury that the deceased had, but was caused merely by the gross, erroneous treatment, that is, where a treatment was so gross, where a treatment was so deliberate, so willful, that it was the cause of death, then the defendant would not be liable, but the defendant, I'll tell you this, one who inflicts an injury on another, is deemed by law to be guilty of the homicide if the injury contributes mediately immediately to the death of the deceased. The fact that other causes also contribute to the death of the deceased does not relieve the defendant from responsibility. Of course, you have to be convinced beyond a reasonable doubt that the defendant was the cause of death. I am trying to explain to you that a person who inflicts a fatal injury upon a person and that person dies at a later time, you have to be convinced beyond a reasonable doubt that the infliction of the first injury was the cause of death, that it was the proximate cause, that there was a chain of causation from the time it happened until the time of death. The fact that other things contributed to it or speeded it up, things of that sort, that is not a defense to the charge of murder ...

The appellant claims the appropriate charge should have stated the following:

The propriety of the medical procedures is an integral question to causation.

To summarize that, negligence on the part of some would not relieve the defendant from liability if his injury were again the proximate cause of the death as to that negligence.

However, gross negligence or intentional activity on the part of the same practitioners would so relieve him.

*State v. Matthews*, 291 S.C. 339, 347, 353 S.E. (2d) 444, 449 (1986).

The charge is sufficient if, when considered as a whole, it covers the law applicable to the case. *State v. Rabon*, 275 S.C. 459, 272 S.E. (2d) 634 (1980). The trial judge charged:

> If, however, the death was caused not by the wound or the injury that the deceased had, but was caused merely by the gross, erroneous treatment, that is, where a treatment was so gross, where a treatment was so deliberate, so willful, that it was the cause of death, then the defendant would not be liable . . .

Although the charge in appellant's case did not contain the exact language of *State v. Matthews, supra,* the trial court apprised the jury that it must be convinced beyond a reasonable doubt that the injury inflicted by the defendant was the cause of death in order to find him guilty and, therefore, sufficiently covered the law as stated in *Matthews.* We conclude that the instructions adequately covered the substance of the requested charge. *State v. Griffin*, 277 S.C. 193, 285 S.E. (2d) 631 (1981).

The appellant also challenges the specific language of the charge which states that ". . . one . . . is deemed to be guilty of the homicide if the injury inflicted contributes immediately to the death of the deceased . . ." This Court approved this language in *State v. Jenkins*, 276 S.C. 209, 277 S.E. (2d) 147 (1981). *See also State v. Riley*, 219 S.C. 112, 64 S.E. (2d) 127 (1951); *State v. Doe*, 218 S.C. 520, 63 S.E. (2d) 303 (1951). Appellant's contention that this portion of the court's charge is not consistent with state law is without merit.

Appellant asserts further that omission of the foreseeability test from the court's charge was error. Appellant contends the jury should have been instructed to apply the foreseeability test in accordance with *Stone v. Bethea*, 251 S.C. 157, 161 S.E. (2d) 171 (1968). We disagree.

It has been held in South Carolina that the negligence of an attending physician is reasonably foreseeable. *State v. Matthews, supra; Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984). We addressed this question in *Matthews* and

held that the proper charge in this context is one on the applicable law of proximate cause regarding medical treatment. *State v. Matthews*, 353 S.E. (2d) at 449. The trial court charged the jury on proximate cause regarding medical treatment; thus, appellant's exception is meritless.

Additionally, appellant argues that the trial court's exclusion of Dr. Hudson's opinion as to the cause of death was error and deprived appellant of the opportunity to present a defense, in violation of his constitutional rights. We disagree.

At trial, appellant asked Dr. Hudson his opinion as to the cause of death based upon the same hypothetical question used by the state. Dr. Hudson replied that he did not have an opinion and needed additional information. Appellant's counsel then posed a hypothetical question which included information from the medical reports of the deceased, testimony of the state's expert and the autopsy report. The trial court disallowed this testimony based upon the fact that the medical and autopsy reports were not admitted into evidence.

An expert may give his opinion based upon personal observations or an answer to a properly framed hypothetical. *Young v. Tide Craft, Inc.*, 270 S.C. 453, 242 S.E. (2d) 671 (1978). An opinion by an expert witness without first-hand knowledge of facts must be based on a hypothetical question. *Sharpe v. South Carolina Department of Mental Health*, 292 S.C. 11, 354 S.E. (2d) 778 (S.C. App. 1987), *writ dismissed*, 294 S.C. 469, 366 S.E. (2d) 12 (1988). The hypothetical question, however, should be based upon facts supported by the record. *State v. King*, 222 S.C. 108, 71 S.E. (2d) 793 (1952).

As stated by this Court in *State v. Pee Dee News Co., Inc.*, 286 S.C. 562, 336 S.E. (2d) 8 (1985) (quoting *State v. King*, 222 S.C. 108, 116, 71 S.E. (2d) 793, 796 (1952)):

The expert properly so called, is asked what would be his judgment upon all or any prescribed part of the facts, as to which evidence has been lawfully received, or which has been admitted, assuming that they are true.

286 S.C. at 566, 336 S.E. (2d) at 10.

According to the record, Dr. Hudson was not precluded from rendering an opinion as to the cause of death. He was prohibited from basing his opinion upon records which had

not been received into evidence. We conclude that the trial judge's ruling was in compliance with the applicable South Carolina law.

For the foregoing reasons, we affirm appellant's conviction and sentence.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.