533 S.E.2d 324

**Marvin J. LOCKE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25146.**

Supreme Court of South Carolina.

Submitted May 30, 2000.
Decided June 12, 2000.
Rehearing Denied July 20, 2000.

Chief Attorney Daniel T. Stacey, of the South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, all of Columbia, for respondent.

PER CURIAM:

Petitioner filed a petition for a writ of certiorari seeking review of the dismissal of his application for post-conviction relief (PCR). We grant the petition for a writ of certiorari on petitioner's Question 1, dispense with further briefing, and affirm the PCR judge's order. Certiorari is denied as to petitioner's remaining Questions.

Petitioner was indicted for "strong arm robbery" in violation of S.C.Code Section 16–11–325 (Supp.1999). The text of the indictment read as follows:

The Defendant . . . did in York County, on or about July 10, 1996, assist and act together with others in the felonious

56

taking of goods and/or monies from the person or presence of Calvin Burris, Jr., by means of force or intimidation, such goods and/or monies being described as follows: Approximately Two Thousand and NO/100 ($2000.00) Dollars in U.S. Currency and a cellular telephone, with the intent to deprive the owner permanently of such goods and/or monies, all in violation of the Common Law of South Carolina, penalty provided under Section 16–11–325, Code of Laws of South Carolina, (1976), as amended.

Petitioner argues that the indictment fails to allege the essential elements of the common law robbery offense because the indictment does not mention asportation. Petitioner contends that because the indictment fails to allege the essential elements of the offense, the indictment is jurisdictionally deficient. Therefore, petitioner concludes, the trial court lacked the jurisdiction to try him for common law robbery.

While petitioner did not raise this issue at his PCR hearing, subject matter jurisdiction issues may be raised at any time. *See Weinhauer v. State,* 334 S.C. 327, 513 S.E.2d 840 (1999) (issue of subject matter jurisdiction may be raised for the first time on appeal).

A circuit court has subject matter jurisdiction if: (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment. *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998). An indictment is sufficient to convey jurisdiction if it apprises the defendant of the elements of the offense intended to be charged and informs the defendant of the circumstances he must be prepared to defend. *Granger v. State,* 333 S.C. 2, 507 S.E.2d 322 (1998).

Here, the indictment gave the time, place, and manner of the events in which petitioner was accused of having participated. Therefore, the indictment was sufficient to inform petitioner of the circumstances which he would be called upon to defend. Moreover, petitioner's argument notwithstanding, the indictment language alleges the substance of asportation when it reads, "taking of goods and/or monies from the person or presence of." This is sufficient because

asportation merely means the taking of an object with felonious intent. *State v. Tindall,* 213 S.C. 484, 50 S.E.2d 188 (1948) (the asportation of stolen property is ordinarily established by the slightest removal of the chattel with felonious intent).

Therefore, the trial court had subject matter jurisdiction to try petitioner for common law robbery. Accordingly, the order dismissing petitioner's PCR application is affirmed.

AFFIRMED.