560 S.E.2d 436

The STATE, Respondent,

v.

Dwayne L. BULLARD, Appellant.

No. 3442.

Court of Appeals of South Carolina.

Heard Dec. 4, 2001.
Decided Feb. 4, 2002.
Rehearing Denied March 20, 2002.

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Assistant Attorney General Toyya Brawley Gray, all of Columbia and Solicitor J. Gregory Hembree, of Conway, for respondent.

HOWARD, J.

Dwayne L. Bullard appeals his conviction for armed robbery, asserting the indictment charged him with attempted armed robbery and therefore, did not confer subject matter jurisdiction on the trial court. We agree and vacate Bullard's conviction.

## FACTS/PROCEDURAL HISTORY

Bullard was tried *in absentia* in August 1999 for armed robbery. He was convicted, and upon being apprehended, a sentence of thirteen years in prison was imposed.

The indictment charging Bullard is captioned "Indictment for Armed Robbery." The body of the indictment reads as follows:

### ARMED ROBBERY
### (CDR: 0139–16–11–0330(A)[)][sic]

That DWAYNE LLOYD BULLARD along with a codefendant who was armed did in Horry County on or about December 9, 1998, while armed with a deadly weapon, to wit: a pistol and a hammer, feloniously **attempt to take** from the person or presence of Gloria Hillenburg by means of force or intimidation goods or monies of Executive Video, with intent to deprive Gloria Hillenburg and/or Executive Video permanently of such goods and/or lawful monies of the USA.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

(emphasis added)

### *LAW/ANALYSIS*

On appeal, Bullard argues the court lacked jurisdiction to try him for armed robbery because the indictment charges him instead with attempted armed robbery. We agree.

"A circuit court has subject matter jurisdiction if: (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment." *Locke v. State*, 341 S.C. 54, 56, 533 S.E.2d 324, 325 (2000). Questions regarding subject matter jurisdiction may be raised at any time. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998).

"An indictment is sufficient to convey jurisdiction if it apprises the defendant of the elements of the offense intended to be charged and informs the defendant of the circumstances he must be prepared to defend." *Id.; see also Browning v. State*, 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) ("The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and

sufficiently apprises the defendant of what he must be prepared to meet.").

Generally, "[a]n indictment is required to perform two functions: (1) it should inform the accused of the charge against him by listing the elements of the offense charged; and (2) it should be sufficiently specific to protect the accused against double jeopardy." *United States v. Young*, 376 A.2d 809, 813–14 (1977) (citing *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)). In South Carolina, an indictment

> shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided.

S.C.Code Ann. § 17–19–20 (1985).

Bullard was convicted of armed robbery, a statutory offense defined as "robbery while armed with a pistol . . . or other deadly weapon." S.C.Code Ann. § 16–11–330(A) (Supp. 2001). "Robbery is defined as the felonious or unlawful taking of money, goods or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Bland*, 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995); *see also State v. Scipio*, 283 S.C. 124, 126, 322 S.E.2d 15, 16 (1984) (stating robbery requires the felonious taking and carrying away of the goods of another against his will or without consent). Robbery is not defined in section 16–11–330.

Asportation is an element of robbery and, therefore, armed robbery. *See State v. Keith*, 283 S.C. 597, 598, 325 S.E.2d 325, 326 (1985). Asportation is the taking of an object with felonious intent. *Locke*, 341 S.C. at 57, 533 S.E.2d at 325. In *Locke*, our supreme court held an "indictment . . . alleges the substance of asportation when it reads, 'taking of goods and/or monies from the person or presence of [the victim].' " *Id.* at 56, 533 S.E.2d at 325.

Section 16–11–330(B) sets forth a lesser punishment for attempted armed robbery. *See* S.C.Code Ann. § 16–11–330(B) (Supp.2001). In *State v. Hiott*, our supreme court found the following definition of attempted armed robbery to be controlling:

> "An attempt to commit robbery has been defined as the doing of acts toward the commission of robbery, and with such intent, but falling short of actual perpetration of the completed offense; . . . ." 77 C.J.S. Robbery § 60.

> "[I]t must appear that the circumstances were such that the crime would have been robbery had the attempt been successful." 77 C.J.S. Robbery § 61.

276 S.C. 72, 80, 276 S.E.2d 163, 167 (1981) (alteration in original). Thus, an attempted armed robbery requires acts toward ·the commission and intent, but in some manner falls short of successful completion of the offense.

In this case, the body of the indictment delineates armed robbery as the offense and specifically alleges the statutory provision which defines armed robbery. However, the body of the indictment does not contain an allegation of asportation. Instead, it alleges an "attempt to take" from the person or the presence of the victim, which is consistent with a charge of attempted armed robbery rather than armed robbery.

The State argues that the reference to section 16–11–330(A) in the body of the indictment is sufficient to confer jurisdiction, citing the recent case of *State v. Owens*, 346 S.C. 637, 552 S.E.2d 745 (2001), as authority. We conclude *Owens* is distinguishable.

In *Owens*, the defendant was charged with murder, which includes the element of malice aforethought. The indictment did not specifically allege that Owens killed the victim with malice aforethought, but it did allege that Owens killed the victim "in violation of South Carolina Code of Laws § 16–03–10." *Owens*, 346 S.C. at 649, 552 S.E.2d at 751. That section specifically defines murder as "the killing of any person with malice aforethought, either express or implied." S.C.Code Ann. § 16–3–10 (1985). Therefore, our supreme court held the reference to the statute was sufficient to allege the element of malice aforethought and the indictment conferred

subject matter jurisdiction on the trial court. *Owens,* 346 S.C. at 649, 552 S.E.2d at 751.

However, unlike section 16–3–10, section 16–11–330 defines armed robbery only in relation to robbery: it does not attempt to define robbery. There is no reference to the element of asportation in the language of the statute. Therefore, inclusion of the statute in the body of the indictment is not sufficient to allege asportation. *Cf. Locke,* 341 S.C. at 56, 533 S.E.2d at 325.

## CONCLUSION

Because asportation is an element of armed robbery and was not alleged in this indictment, either by the language of the indictment or by reference to the statute, the indictment is fatally defective. Accordingly, we find the trial court did not have jurisdiction to try Bullard on the charge of armed robbery.

**VACATED.**

CONNOR and ANDERSON, JJ., concur.