569 S.E.2d 336

**Harold BROOM, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25511.**

Supreme Court of South Carolina.

Submitted July 24, 2002.

Decided Aug. 12, 2002.

---

**13.** *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Chief Attorney Daniel T. Stacey, of S.C. Office of Appellate Defense, of Columbia, for Petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Chief Capital and Collateral Litigation Donald Zelenka, Assistant Deputy Attorney General Allen Bullard and Assistant Attorney General Douglas Leadbitter, all of Columbia, for Respondent.

PER CURIUM.

Petitioner seeks a writ of certiorari following the denial of his application for post-conviction relief (PCR). We grant the petition, dispense with further briefing, and affirm the order of the PCR judge.

 Petitioner was convicted of armed robbery. He contends that the circuit court did not have subject matter jurisdiction over the armed robbery charge because the indictment failed to allege that he intended to permanently deprive the owner of the property.

The armed robbery indictment alleged that petitioner did while armed with a deadly weapon, to wit: a pistol, feloniously take from the person or presence of employees by means of force or intimidation goods or monies of Freidman's Jewelers. . . .

 Robbery is the felonious or unlawful taking of personal property of any value from the person of another, or in the person's presence, by violence or putting the person in fear. *State v. Bland,* 318 S.C. 315, 457 S.E.2d 611 (1995). Armed robbery is a robbery while armed with a deadly weapon or while the robber alleges, by actions or words, that he is armed

with a deadly weapon which a person present during the commission of the robbery reasonably believes to be a deadly weapon. S.C.Code Ann. § 16–11–330(A) (Supp.2001).

There is no requirement that an armed robbery indictment contain an allegation of an intent to permanently deprive the owner of the property. In *Kerrigan v. State*, 304 S.C. 561, 406 S.E.2d 160 (1991), this Court stated that larceny is the felonious taking of the goods of another without the consent of the other. The Court went on to state that an intent by the offender to permanently deprive the owner of possession by converting the property to the offender's own use is implicit in the definition of larceny. *Id.* Similarly, the intent to permanently deprive is also implicit in the definition of armed robbery.

The indictment in this case clearly defines armed robbery and apprised petitioner of the charge against him. Therefore, the circuit court did have subject matter jurisdiction over the armed robbery charge.

AFFIRMED.