THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Rodney Anstett,       
Appellant.
 
 
 

Appeal From Aiken County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2003-UP-132
Submitted January 10, 2003  Filed February 
 19, 2003

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Wanda Haile, of Columbia; 
 for Appellant.
Deputy Director for Legal Services 
 Teresa A. Knox, Legal Counsel Tommy Evans, Jr. and Legal Counsel J. Benjamin 
 Aplin, all of Columbia; for Respondent.
 
 
 

PER CURIAM: Rodney Anstett appeals from 
 an order of the trial court revoking his probation in full.  We affirm.  
FACTS
Anstett pled guilty to second degree burglary and 
 grand larceny less than $1000.  He received a sentence of fifteen years imprisonment, 
 suspended upon the service of five years probation, for burglary and a concurrent 
 sentence of five years imprisonment, suspended during probation, for grand larceny.  
 Anstett did not appeal his convictions or sentences.
Less than three years after being released from 
 prison, Anstett was brought before the trial judge for a probation revocation 
 hearing.  Evidence was presented of:  at least two positive drug tests, failure 
 to complete a public service requirement assigned by his probation officer, 
 charge of driving under suspension, two charges of criminal domestic violence, 
 one charge of possession of marijuana, and one charge of possession of a loaded 
 shotgun.  The trial judge revoked Anstetts probation in full.  
ISSUES

I. Did the trial court lack subject matter jurisdiction to 
 accept Anstetts plea on the offense of second degree burglary?
II. Did the trial court err in revoking Anstetts probation?

LAW/ANALYSIS
I.          Subject Matter Jurisdiction
Anstett argues the trial judge did not have subject 
 matter jurisdiction to accept his guilty plea to second degree burglary.  We 
 do not agree.
A circuit court has subject matter jurisdiction 
 if:  (1) there has been an indictment which sufficiently states the offense; 
 (2) there has been a waiver of indictment; or (3) the charge is a lesser included 
 charge of the crime charged in the indictment.  Locke v. State, 341 
 S.C. 54, 56, 533 S.E.2d 324, 325 (2000).  Questions regarding subject matter 
 jurisdiction may be raised at any time.  Carter v. State, 329 S.C. 355, 
 362, 495 S.E.2d 773, 777 (1998).
A person is guilty of burglary in the second degree 
 if the person enters a dwelling without consent and with intent to commit a 
 crime therein.  S.C. Code Ann. § 16-11-312(A) (Supp. 2001).  
 Anstetts indictment for second degree 
 burglary read as follows:  [t]hat Rodney Lee Anstett did in Aiken county on 
 or about July 21, 1994, willfully and unlawfully enter the dwelling of John 
 Farron Duncan without consent and with the intent to commit a crime therein.  
 The language of the indictment recites the required elements set forth in § 
 16-11-312(A).  Thus, the indictment in this case was sufficient, and Anstett 
 was fully informed of the charge against him.  See Browning v. State, 
 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) (finding the test of sufficiency 
 of indictment is whether it contains necessary elements of offense intended 
 to be charged and sufficiently apprises defendant of what he must be prepared 
 to defend).  Accordingly, the trial judge had proper subject matter jurisdiction 
 in this case.
II.          Probation Revocation
Anstett argues the trial judge erred in 
 revoking his probation because the decision was based in part on a finding that 
 he had violated a state law.  We do not agree.
Anstett contends the trial judge should 
 not have considered evidence of the charges committed in violation of probation 
 because he had not been found guilty of those offenses.  However, this argument 
 was not made at any point during the revocation hearing.  While Anstetts counsel 
 stated she had issue with a few of those violations, this statement is insufficient 
 to preserve the issue for appellate review.  See State v. Hamilton, 
 333 S.C. 642, 648, 511 S.E.2d 94, 96 (Ct. App. 1999) (finding a challenge to 
 the validity of the probation revocation hearing must be raised to and ruled 
 upon by the judge in order to be properly preserved).
CONCLUSION
Based upon the foregoing, the original trial judge 
 had subject matter jurisdiction in the instant case.  Further, the trial judge 
 in the probation revocation hearing did not err in revoking Anstetts probation.  

AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.