THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Robert Rowe,       
Appellant.
 
 
 

Appeal From Richland County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2003-UP-392
Submitted April 18, 2003  Filed June 
 12, 2003  

VACATED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. 
 McIntosh; Assistant Deputy Attorney Charles H. Richardson; Senior Assistant 
 Attorney General Harold W. Coombs, of Columbia; Warren Blair Giese, of Columbia; 
 for Respondent.
 
 
 

PER CURIAM:  Robert Rowe (Rowe) appeals from his guilty plea to strong 
 arm robbery.  Rowe contends the circuit court did not have subject matter jurisdiction 
 to accept his plea because the indictment returned against him was for attempted 
 armed robbery.
FACTS
On November 3, 2000, Rowe and two co-defendants (Duncan and 
 Reed)  spotted a homeless man (Tabor) on the sidewalk as they were traveling 
 in their car. Reed informed Rowe and Duncan he intended to rob Tabor. Subsequently, 
 Reed, armed with a gun, got out of the car and attempted to rob Tabor. Tabor 
 did not even have a wallet or any cash on his person. Rowe exited the car with 
 Reed and Duncan but said nothing during the attempted robbery.  The extent of 
 Rowes involvement was limited to his presence at the crime scene. 
The police arrested all three boys.  Rowe cooperated with the police.  
 Rowe was indicted for attempted armed robbery (01-GS-40-57431).  During his 
 guilty plea the State acknowledged they reduced the sentence to attempted 
 strong arm robbery and dismissed other charges. (emphasis added)  The 
 State also acknowledged an agreement with the defense wherein they declined 
 to seek an active Y.O.A. sentence so the defense could ask for a suspended sentence.  
 However, the indictment was never amended to reflect the reduced sentence. 
Rowe ultimately pled guilty to strong arm robbery.  Judge Newman 
 sentenced him to six years under the youthful offender act. Rowe was given credit 
 for 45 days of jail time.
DISCUSSION
Rowe argues the circuit court did not have proper subject 
 matter jurisdiction to accept his guilty plea to strong arm robbery on an indictment 
 for attempted armed robbery.  We agree.
A circuit court acquires subject matter jurisdiction over a criminal 
 matter if:  (1) there has been an indictment which sufficiently states the offense; 
 (2) the defendant has waived presentment of the indictment; or (3) the offense 
 in a lesser included offense the crime charged in the indictment.  State 
 v. Primus, 349 S.C. 576, 564 S.E.2d 103 (2002).  Here, the indictment was 
 for attempted armed robbery and made no reference to the substantive crime of 
 strong arm robbery.  Rowe made no waiver of the indictment during the colloquy.  
 Finally, strong arm robbery is not a lesser-included offense of attempted armed 
 robbery.  See State v. Elliot 346 S.C. 603, 552 S.E.2d 727 (2001) 
 (despite a few anomalies, the Court reiterates its commitment to the elements 
 test for determining whether a crime qualifies as a lesser included offense); 
 State v. Bullard, 348 S.C. 611, 560 S.E.2d 436 (Ct. App. 2002) (where 
 body of indictment was consistent with charge of attempted armed robbery the 
 court lacked subject matter jurisdiction to convict of armed robbery).
Accordingly, the circuit court could not accept Rowes guilty plea 
 because it lacked proper subject matter jurisdiction over him.  Rowes conviction 
 must be
VACATED.
CURETON, ANDERSON and HUFF, JJ., concur.