THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Bruce Miller, Appellant.
 
 
 

Appeal From Greenville County
 John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2004-UP-620
Submitted December 1, 2004  Filed December 
 13, 2004

AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
Attorney General Henry 
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant 
 Attorney General David Spencer, all of Columbia; and Solicitor Robert M. Ariail, 
 of Greenville, for Respondent.
 
 
 

PER CURIAM:  Bruce Miller (Miller) appeals his conviction for armed 
 robbery.  We affirm. [1] 
FACTS
Miller was convicted of robbing James Holden (Holden) at gunpoint.  While on 
 his way to work, Holden stopped at a convenience store in Greenville to use 
 the phone.  A man Holden later identified as Miller asked him for directions 
 to the interstate.  After Holden gave Miller directions, Miller pointed a gun 
 at Holden and demanded money.  Holden surrendered $106, and Miller walked behind 
 the store, out of view.  Miller then drove by, and Holden followed him and recorded 
 his license plate number.  Several days later, Holden identified Miller as the 
 perpetrator from a photographic lineup.  Miller was indicted and convicted for 
 armed robbery.  
LAW/ANALYSIS
Miller asserts two issues on appeal.  First, he argues the trial 
 court lacked subject matter jurisdiction due to an insufficient indictment.  
 Second, he contends the trial court erred in failing to give his proposed jury 
 instruction on eyewitness testimony.  
I.  Sufficiency of the Indictment
Millers indictment states:

That BRUCE RANDALL MILLER did in Greenville County, on or about the 9th day 
 of December, 2001, while armed with a deadly weapon, to wit: handgun, take by 
 means of force or intimidation, goods or monies described as: U.S. currency 
 from the person or presence of James Holden.  This is in violation of §16-11-330 
 of the South Carolina Code of Laws (1976) as amended. 

A circuit court has subject matter jurisdiction if: (1) there has 
 been an indictment which sufficiently states the offense; (2) there has been 
 a waiver of the indictment; or (3) the charge is a lesser included charge of 
 the crime charged in the indictment.  Locke v. State, 341 S.C. 54, 533 
 S.E.2d 324 (2000).  An indictment is sufficient to convey jurisdiction if it 
 states the offense with sufficient certainty and particularity to enable the 
 court to know what judgment to pronounce and the defendant to know what he is 
 called upon to answer.  Carter v. State, 329 S.C. 355, 495 S.E.2d 773 
 (1998).  
Miller complains the indictment is insufficient because it fails 
 to allege intent of permanent deprivation or that the taking was done feloniously.  
 Our supreme court has held:  There is no requirement that an armed robbery 
 indictment contain an allegation of an intent to permanently deprive the owner 
 of the property.  Broom v. State, 351 S.C. 219, 221, 569 S.E.2d 336, 
 337 (2002).  The Broom court found that the intent to permanently deprive 
 is . . . implicit in the definition of armed robbery.  Id.  The court 
 defined armed robbery as a robbery while armed with a deadly weapon or while 
 the robber alleges, by actions or words, that he is armed with a deadly weapon 
 which a person during the commission of the robbery reasonably believes to be 
 a deadly weapon.  Id. at 220-21, 569 S.E.2d at 337 (citing S.C. Code 
 Ann. § 16-11-330(A) (Supp. 2001)).   The definition does not include the word 
 feloniously; therefore, feloniously is not required in the indictment.  Cf. 
 Joseph v. State, 351 S.C. 551, 571 S.E.2d 280 (2002) (finding indictment 
 for murder sufficient where it set forth the time, place, and manner of the 
 crime, but did not include the defendant feloniously and wilfully committed 
 the murder and holding the word feloniously is encompassed in the word 
 murder because murder is a felony.). 
 Locke lends further support to the States position that the 
 indictment does not need to include feloniously or intent of permanent deprivation.  
 In Locke, the supreme court found that the indictment alleges the substance 
 of asportation when it reads, taking of goods and/or monies from the person 
 or presence of.  341 S.C. at 56, 533 S.E.2d at 325.  Millers indictment alleged 
 that he did take by means of force or intimidation, goods or monies 
 described as: U.S. currency from the person or presence of James Holden.  
 (Emphasis added).  Thus, the language of Millers indictment was approved by 
 the court in Locke.  
II.  Proposed Jury Charge
Miller argues the trial court erred in failing to charge his requested instruction 
 on the accuracy of eyewitness identification.  The trial judge rejected Millers 
 charge and instead gave the following charge:

The state alleges that the defendant, Mr. Miller, is the perpetrator of the 
 alleged crime charged.  The State has the burden of proving identity beyond 
 a reasonable doubt.  Identification testimony is an expression of belief or 
 impression by a witness.  You may consider the opportunity a witness had to 
 observe the alleged offender at the time of the alleged offense and thereafter 
 make an identification.  It is for you to determine the accuracy of the identification 
 as given by the witness.  
You may consider the credibility of the identification witness as you do any 
 other witness.  You may consider his or her truthfulness as well as the capacity, 
 opportunity, and circumstances of the observation of the matters about which 
 he or she testified.  Remember the State has the burden of proving identity 
 beyond a reasonable doubt.  Therefore, if you find that a crime has been committed 
 as alleged, but you are not convinced, beyond a reasonable doubt, that the defendant 
 was the person who committed the crime, you must find the defendant not guilty.  

 The jury charge Miller proposed was a Telfaire charge (United 
 States v. Telfaire, 469 F.2d 522 (D.C. Cir 1972)).  Contrary to Millers 
 assertion that South Carolina has recognized the Telfaire charge as a 
 model instruction, our courts have rejected the Telfaire charge as 
 violative of the Constitution of South Carolina.  See State v. Patterson, 
 337 S.C. 215, 234, 522 S.E.2d 845, 855 (Ct. App. 1999) (holding the Telfaire 
 charge is essentially a charge on the facts which is contrary to our constitutional 
 prohibition [S.C. Const. Art. V, § 21] against charges to the juries on the 
 facts); see also State v. Robinson, 274 S.C. 198, 262 
 S.E.2d 729 (1980) (upholding trial courts decision to decline the Telfaire 
 charge). 
A jury instruction is sufficient if, when considered as a whole, it covers 
 the law applicable to the case.  State v. Burton, 302 S.C. 494, 397 S.E.2d 
 90 (1990).  Here, the judges charge was sufficient.  As in State v. Motes, 
 264 S.C. 317, 326, 215 S.E.2d 190, 194 (1975), it adequately focused the attention 
 of the jury on the necessity for a finding that the testimony identified defendant 
 as the offender beyond a reasonable doubt.  Id.  Moreover, at trial, 
 Holden was asked about his identification of Miller:

 
 
 
 
 Q. 
 Was there any doubts as to your selection?
 
 
 A.
 Not a doubt in the
 world.
 
 
 
 

Given Holdens degree of certainty, there appears very little likelihood of 
 mistaken identification.  See State v. Jones, 344 S.C. 48, 60, 
 543 S.E.2d 541, 547 (2001). 
CONCLUSION
Based on the foregoing, the conviction 
 and sentence of Miller are
 AFFIRMED.
ANDERSON, STILWELL, and SHORT, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.