THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
David Carter,       
Appellant.
 
 
 

Appeal From Lancaster County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2005-UP-015
Submitted December 1, 2004  Filed January 
 13, 2005

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Wanda P. Hagler, Office 
 of Appellate Defense, of Columbia, for Appellant.
Attorney General  Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Assistant Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor 
 John R. Justice, of Chester, for Respondent.
 
 
 

PER CURIAM:  David Carter appeals his conviction 
 for armed robbery, arguing the circuit court (1) lacked subject matter jurisdiction 
 because Carters indictment was insufficient; (2) erred in admitting evidence 
 allegedly obtained unlawfully through a warrantless search; and (3) erred in 
 allowing the State to make remarks in its closing statement that were allegedly 
 prejudicial against Carter.  We affirm.
FACTS
Carter and an acquaintance, Marvin Thompson, were 
 charged with armed robbery in connection with the June 28, 2002, robbery of 
 the Stop and Shop convenience store in Lancaster. 
The day after Carter was incarcerated on the charges, 
 he asked a sheriffs deputy to procure some papers from his home.  He specifically 
 instructed the deputy to go to the home, enter through its unlocked back door, 
 and go down the hall and through the kitchen to the living room, where a black 
 bag was located that contained the papers Carter sought.  The deputy complied, 
 and while walking through the kitchen saw a handwritten stick up note stating 
 I got a gun.  Put all of the money in the bag or I will shoot you.  Then lay 
 on the floor.  The deputy retained the note as evidence.  At trial, Carter 
 sought to suppress the stick up note, claiming it was seized through an illegal 
 search of his home.  The court allowed the stick up note in evidence.  
Thompson pled guilty prior to Carters trial, and 
 in so doing implicated Carter in the robbery.  Thompson subsequently, however, 
 retreated from his guilty plea statements implicating Carter.  Thompson was 
 willing to testify for Carterthat Carter was not involved in the armed robberybut 
 he was concerned the State would retaliate against him for his change in position.  
 The State informed the trial court that it had no intention of retaliating against 
 Thompson, and in this regard, the State granted Thompson immunity from perjury.  
 Thompson did testify for Carter and claimed Carter had not been involved in 
 the robbery.  In its closing statements, the State suggested that Thompson, 
 in light of the grant of immunity, had nothing to lose in testifying for his 
 friend, Carter. Carters counsel interrupted the States argument and disagreed 
 with the States use and characterization of the grant of immunity to Thompson, 
 stating Your Honor, [the State] mischaracterized that totally about what he 
 had to lose if Your Honor remembers back to yesterday, thats, in fact, not 
 the case.   The court allowed the State to continue its argument.
Carter was convicted on the armed robbery charge.  This appeal 
 followed.       
DISCUSSION
I.       Subject Matter Jurisdiction
Carter first argues the indictment 
 was insufficient to confer subject matter jurisdiction because the it cited 
 the incorrect statutory subsection and also failed to specifically alleged a 
 carrying away of property.  We disagree.
An indictment is sufficient if 
 the offense is stated with sufficient certainty and particularity to enable 
 the court to know what judgment to pronounce, and the defendant to know what 
 he is called upon to answer and whether he may plead an acquittal or conviction 
 thereon.  State v. Adams, 354 S.C. 361, 374, 580 S.E.2d 785, 791 (Ct. 
 App. 2003).  The true test of the sufficiency of an indictment is not whether 
 it could be made more definite and certain, but whether it contains the necessary 
 elements of the offense intended to be charged and sufficiently apprises the 
 defendant of what he must be prepared to meet.  Browning v. State, 320 
 S.C. 366, 368, 465 S.E.2d 358, 359 (1995).  [I]n viewing the sufficiency of 
 an indictment we must look at the issue with a practical eye in view of the 
 surrounding circumstances.  State v. Gunn, 313 S.C. 124, 130, 437 S.E.2d 
 75, 78 (1993).
Here, the caption twice stated Carter 
 was indicted for § 16-11-0330(B)  ARMED ROBBERY.  At trial, the parties agreed 
 that the indictment incorrectly referred to subsection (B) of section 16-11-330, 
 which addresses attempted armed robbery, instead of subsection (A), which 
 addresses armed robbery.  See S.C. Code Ann. § 16-11-330 (1976).   
 The court allowed the State to amend the typographical error at trial over Carters 
 objection.  We find that this minor alteration merely corrected a typographical 
 error.  See S.C. Code Ann. § 17-19-100 (2003). 
Additionally, the indictment stated:

That David Carter did in Lancaster County on or about June 
 28, 2002, while armed with a deadly weapon, to wit:  pistol, feloniously take 
 from the person or presence of STOP AND SHOP such goods or monies being described 
 herein as follows:  money with intent to deprive the owner permanently of such 
 property.

Carter argues the indictment fails because it does not include 
 the words carrying away to demonstrate the requisite element of asportation, 
 which means taking of an object with felonious intent.  Locke v. State, 
 341 S.C. 54, 57, 533 S.E.2d 324, 325 (2000).  However, we find that the indictments 
 language stating feloniously take from the person or presence of the store 
 inherently includes the element of asportation.  See Id. at 56, 
 533 S.E.2d at 325 (Indictment language taking of goods and/or monies from 
 the person or presence of alleged the substance of asportation . . . was sufficient 
 because asportation merely meant the taking of an object with felonious intent).
Viewing this indictment 
 with a practical eye and considering the surrounding circumstances, we find 
 it sufficiently apprised Carter of the specific crime for which he was charged.  
 In particular, we note the indictment stated he was charged with ARMED ROBBERY 
 and included the statute, albeit with a typographical error concerning the subsection 
 which the court was entitled to correct.  Furthermore, the body of the indictment 
 included the details of the circumstances Carter was called upon to defend and 
 alleges the substance of the crime charged, including the requisite element 
 of asportation.  Thus, we find the indictment sufficient to confer subject matter 
 jurisdiction.
II.      Admission of Evidence
Carter argues the court 
 erred in allowing the stick up note into evidence because it was seized pursuant 
 to a warrantless search.  We disagree, for we find evidence to support the trial 
 judges findings.  State v. Brockman, 339 S.C. 57, 528 S.E.2d 661 (2000) 
 (the standard of review in Fourth Amendment search and seizure cases is limited 
 to determining whether any evidence supports the trial courts findings, and 
 the appellate court may reverse only where there is clear error).  
[O]bjects falling within the plain view 
 of a law enforcement officer who is rightfully in position to view these objects 
 are subject to seizure and may be introduced in evidence.  State v. Brown, 
 289 S.C. 581, 588, 347 S.E.2d 882, 886 (1986).  Here, Carter admittedly asked 
 the officer to enter his home, specifically the kitchen area, where the note 
 was left open on a table.  Concerning the conspicuous nature of the kitchen 
 table, Carter acknowledged that anyone present in his kitchen, including law 
 enforcement, would see anything on his table.  These facts satisfy the plain 
 view exception to the warrant requirement.  State v. Abdullah, 357 S.C. 
 344, 349, 592 S.E.2d 344, 352-53 (Ct. App. 2004) (plain view exception to warrant 
 requirement requires that the initial intrusion be lawful, the discovery of 
 the evidence be inadvertent, and the incriminating nature of the evidence be 
 immediately apparent).  
III.    The States Closing Statement
Carter alleges the circuit court 
 erred in permitting the State to make a comment questioning the motive of Thompson, 
 the co-defendant witness who had pled guilty, been granted immunity, and then 
 testified favorably toward Carter.
In the present case, Carters counsel asserted, 
 Your Honor, [the State] mischaracterized that totally about what he had to 
 lose if Your Honor remembers back to yesterday, thats, in fact, not the case.  
 This interruption of the States closing statement can hardly be said to constitute 
 a specific objection or a request for relief.   Even assuming counsels statement 
 may properly be construed as an objection, there is clearly no request for relief.  
 Accordingly, we find the issue unpreserved for appellate review.  See 
 State v. Black, 319 S.C. 515, 521, 462 S.E.2d 311, 315 (Ct. App. 1995) 
 (The proper course to be pursued when counsel makes an improper argument is 
 for opposing counsel to immediately object and to have a record made of the 
 statements or language complained of and to ask the court for a distinct ruling 
 thereon); State v. Patterson, 324 S.C. 5, 17, 482 S.E.2d 760, 766 (1997) 
 (holding a general objection that does not specify the particular ground on 
 which the objection is based is insufficient to preserve a question for review).  

AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.