UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4862

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES HAROLD PARKER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-791-TLW)

Submitted:  July 28, 2006          Decided:  August 21, 2006

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Harold Parker, Jr., pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Parker to a 216-month term of imprisonment after finding that he was an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006). Parker's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether the district court properly concluded that two of Parker's predicate offenses qualified as violent felonies and were committed on occasions different from one another. Parker filed a pro se supplemental brief, reasserting one of the claims raised by counsel and contending that the district court erred in determining the total offense level in the absence of the armed career criminal designation. We affirm.

Counsel asserts that the district court erred in designating Parker as an armed career criminal. Counsel first suggests that Parker's prior convictions in South Carolina for common law robbery and second-degree burglary did not constitute violent felonies, as defined by § 924(e)(2)(B). We find that the definition of second-degree burglary in South Carolina falls within the generic definition of burglary set forth in Taylor v. United States, 495 U.S. 575 (1990). We also reject Parker's contention

- 2 -

that his prior conviction for common law robbery did not qualify as a violent felony. As required by § 924(e)(2)(B)(i), the definition of common law robbery in South Carolina includes violence as an element. See Broom v. State, 569 S.E.2d 336, 337 (S.C. 2002) (defining common law robbery).

Counsel also suggests that the district court erred in finding that Parker's second-degree burglary and common law robbery convictions occurred on occasions different from one another. See 18 U.S.C.A. § 924(e)(1). In considering whether the district court properly designated Parker as an armed career criminal, we review the court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). This court recently stated that determining whether offenses were committed on occasions different from one another is a question of law. United States v. Thompson, 421 F.3d 278, 285-86 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006).

Our review of the record leads us to conclude that the district court did not err in concluding that the challenged predicate offenses were separate and distinct criminal episodes. Parker robbed a gas station clerk of cash and cigarettes and, later that night, broke into a used car dealership and took numerous sets of car keys and a car. See United States v. Letterlough, 63 F.3d 332, 335-36 (4th Cir. 1995) (setting forth factors for court to consider in determining whether offenses were committed on

different occasions under § 924(e)); see also Thompson, 421 F.3d at 285 (collecting cases applying factors). Thus, we find that the district court did not err in designating Parker as an armed career criminal under § 924(e).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.[*] Accordingly, we affirm Parker's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We decline to address Parker's claims that the district court erred in determining his total offense level in light of our conclusion that Parker was properly sentenced as an armed career criminal. We also reject Parker's claim that he was sentenced under a mandatory sentencing guidelines scheme because the district court sentenced Parker after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

- 4 -