THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Daniel C.
 Woods, Appellant.
 
 
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2010-UP-328
 Submitted June 1, 2010  Filed June 24,
2010

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia,
 for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant
 Attorney General Julie M. Thames, all of
 Columbia; and Solicitor
 Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Daniel C.
 Woods appeals his convictions for grand larceny and second-degree burglary. 
 Woods argues the trial court erred by (1) giving the "hand of one is the hand
 of all" jury instruction in response to the jury's question when the trial
 court had previously found the jury charge inapplicable, and (2) allowing
 an amended indictment for grand larceny.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1. As to whether the trial court erred by giving the "hand of one is the hand of
 all" jury instruction: State v. Rye, 375 S.C. 119, 123, 651 S.E.2d
 321, 323 (2007) ("A trial court's decision regarding jury charges will not
 be reversed where the charges, as a whole, properly charged the law to be
 applied."); State v. Lee, 298 S.C. 362, 364, 380 S.E.2d 834, 836 (1989)
 ("The law to be charged to the jury is to be determined by the evidence
 presented at trial."); State v. Burton¸ 302 S.C. 494, 498, 397
 S.E.2d 90, 92 (1990) ("The charge is sufficient if, when considered as a
 whole, it covers the law applicable to the case.").
2. As to whether the trial court erred
 in admitting the amended indictment for grand larceny: Wright v. Craft, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) ("An issue raised on appeal but not argued in the brief is
 deemed abandoned and will not be considered by the appellate court.") (quotation marks and
 citation omitted). 
AFFIRMED.
HUFF, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.