**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Zerell McClurkin, Appellant.

Appellate Case No. 2010-161706

Appeal From Chester County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2012-UP-496
Submitted August 1, 2012 – Filed August 29, 2012

**AFFIRMED**

Appellate Defender Tristan M. Shaffer, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.

**PER CURIAM:** Zerell McClurkin appeals his conviction of armed robbery, arguing the trial court erred in denying his motion for a directed verdict because the State failed to present evidence he intended to permanently deprive the victim of her property. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (stating an appellate court views the evidence and all reasonable inferences in the light most favorable to the State on review of a denial of a directed verdict); *id.* ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury."); *State v. Porter*, 389 S.C. 27, 39, 698 S.E.2d 237, 243 (Ct. App. 2010) ("Armed robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear."); *Broom v. State*, 351 S.C. 219, 221, 569 S.E.2d 336, 337 (2002) (holding the intent of a person to permanently deprive another of his or her property is implicit in the definition of armed robbery); *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971) ("The question of the intent with which an act is done is one of fact and is ordinarily for jury determination except in extreme cases where there is no evidence thereon. The intent with which an act is done denotes a state of mind, and can be proved only by expressions or conduct, considered in the light of the given circumstances.").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.