**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Edward Haynes, Appellant.

Appellate Case No. 2013-000468

Appeal From Calhoun County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2015-UP-228
Submitted April 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cope*, 405 S.C. 317, 343, 748 S.E.2d 194, 208 (2013)

("Generally, the admission of expert testimony is a matter within the sound discretion of the trial court." (internal quotation marks omitted)); *id.* at 343-44, 748 S.E.2d at 208 ("Thus, we will not reverse the trial court's decision to admit or exclude expert testimony absent a prejudicial abuse of discretion."); *State v. Burton*, 302 S.C. 494, 499, 397 S.E.2d 90, 92 (1990) (recognizing an expert may give an opinion based on a hypothetical question, but the hypothetical question "should be based upon facts supported by the record"); *State v. Vaughn*, 268 S.C. 119, 125, 232 S.E.2d 328, 330 (1977) ("[V]oluntary intoxication, where it has not produced permanent insanity, is never an excuse for or a defense to crime, regardless of whether the intent involved be general or specific."); *State v. Santiago*, 370 S.C. 153, 162, 634 S.E.2d 23, 28 (Ct. App. 2006) ("[T]he diminished capacity defense is not recognized in South Carolina.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.